Case 4:22-cv-00254   Document 28   Filed on 04/24/23 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
April 26, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD ORIN BERGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-22-254 |
| | § | |
| UNITED STATES POSTAL SERVICE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Richard Orin Bergan briefly worked for the United States Postal Service as a rural carrier associate. He was paid on an hourly basis. Bergan alleges that the Postal Service instructed him to "clock out" and continue working without pay, in violation of the Fair Labor Standards Act. (Docket Entry No. 14 ¶ 1). The Postal Service has moved for summary judgment, and Bergen has responded. (Docket Entries No. 25, 26). For the following reasons, the court grants the Postal Service's motion. Final judgment is entered by separate order.

**I.      Background**

As a preliminary matter, the court notes that Bergen's opposition does not present summary judgment evidence of the facts he claims give rise to a dispute material to his claims. The following background facts are taken from the declarations submitted by the Postal Service and as Bergman's opposition.

Veta Kirsch, a supervisor at the Richmond Post Office, stated in her declaration that the Postal Service hired Bergan as a rural carrier associate for the office in March 2021. (Docket Entry No. 25-1 ("Kirsch Decl.") ¶ 5). Rural carrier associates "are hourly employees who perform casing [*i.e.*, sorting] and delivery of mail and parcels on rural mail delivery routes." (*Id.* ¶ 6). Rural

carrier associates are sometimes sent to other post offices that do not have available rural carriers. (*Id.* ¶¶ 6–7). The Postal Service periodically sent Bergan to three other post offices. (*Id.* ¶ 7).

A Postal Service Postmaster, Abra Shepherd, explained in her declaration that rural carriers are compensated on an hourly basis for the "evaluated time" of each route. The "evaluated time" is the amount of time the Post Office has determined each route should take to complete. (Docket Entry No. 25-2 ("Shepherd Decl.") ¶ 7). A rural carrier is compensated for at least the evaluated time assigned to a particular route. (*Id.*). If the carrier completes the route in less than the evaluated time, the rural carrier is nonetheless paid for the full evaluated time. (*Id.*). If the carrier takes more than the evaluated time, the carrier is compensated at his or her hourly rate for that additional time; however, the Postal Service considers it "unacceptable" to take longer than the evaluated time to complete a route.

Rural carriers ordinarily use their own vehicles to complete their routes. (*Id.* ¶ 9). A carrier who uses his or her own vehicle receives a predetermined "trip" pay for each route. In Bergan's case, that amounted to $29.20 per trip. (*Id.* ¶ 10). A carrier who completes only part of a route is paid based on either equipment and maintenance allowance hours or an equipment maintenance allowance mileage, "whichever sum is greater." (*Id.* ¶ 11). Carriers are paid under the same formula for travel between Postal Service facilities in their personal vehicles. (*Id.*).

## II.    The Legal Standard

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting

reference omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial.'" *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted). "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting references omitted). The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted). Of course, all reasonable inferences are drawn in the nonmovant's favor. *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022). But a nonmovant "cannot defeat summary judgment with 'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

**III.    Analysis**

Kirsch states that Bergan was terminated because he "would return late to the office with customer mail that he had failed to deliver." (Kirsch Decl. ¶¶ 15–16). Both Kirsch and Shepherd states that Began was compensated properly, based on their understanding of the Postal Service's compensation practices and the documents showing how Bergan's compensation was determined and paid. (*Id*. ¶ 17; Shepherd Decl. ¶ 18).

Bergan disputes that his performance was poor. (Docket Entry No. 26 ¶ 1(b)). Bergan argues that the Postal Service's failure to put forward evidence from individuals with personal knowledge of his performance problems is fatal to the Postal Service's argument that poor performance, not retaliation, got him fired. (*Id.* ¶ 2). Bergan also argues that Kirsch falsely claimed that Bergan became belligerent and yelled when he demanded the wages he believes he was owed. (*Id.* ¶ 1(c)). Finally, Bergan argues that the Postal Service improperly denied him compensation for two hours of working time, but that the Postal Service did not give its own attorney (or, presumably, Bergan) evidence of this failure to pay. (*Id.* ¶ 4).

The Fair Labor Standards Act provides "a private right of action . . . against employers for unpaid minimum wages and overtime compensation." *Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 875 (5th Cir. 2021). Bergan's allegation that he was "fired immediately after refusing to work without pay" is a claim for retaliatory discharge.[1] "A retaliation claim under the FLSA is

---

[1] Bergan's complaint is styled "Amended Wrongful Termination Complaint," but, as the Postal Service notes, district courts in this circuit have held that there is no action for wrongful termination under the Fair Labor Standards Act. *Bigbie v. EOG Res., Inc.*, No. 7:19-cv-00077, 2020 WL 3420974, at *2 (N.D. Tex. May 27, 2020), *report and recommendation adopted*, 2020 WL 3415723 (N.D. Tex. June 22, 2020); *Adams v. Cedar Hill Indep. Sch. Dist.*, No. 3:13-cv-2598, 2014 WL 66488, at *6 (N.D. Tex. Jan. 8, 2014). When district courts have allowed a wrongful termination claim under the Fair Labor Standards Act, the plaintiff has alleged that the termination was wrongful because it was retaliatory. *See, e.g.*, *Story v. Best Way Transp. Inc.*, No. 3:19-cv-02704, 2020 WL 5045658, at *6 (N.D. Tex. Aug. 4, 2020), *report and recommendation adopted*, 2020 WL 5038503 (N.D. Tex. Aug. 26, 2020).

subject to the *McDonnell Douglas* analytical framework." *Lasater v. Tex. A&M Univ.-Commerce*, 495 F. App'x 458, 461 (5th Cir. 2012) (citing *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 577 (5th Cir.2004)).

> First, a plaintiff must make a *prima facie* showing of (1) participation in protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action. If a plaintiff meets this burden, the defendant must then articulate a legitimate, non-discriminatory reason for its decision. The burden then shifts to the plaintiff to demonstrate that the proffered reason is a pretext for discrimination.

*Hagan v. Echostar Satellite*, LLC, 529 F.3d 617, 624 (5th Cir. 2008). Protected activities are set out by statute:

> [I]t shall be unlawful for any person . . . to discharge . . . any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3).

Bergen has not made a *prima facie* showing under the *Hagan* framework. He has neither submitted nor pointed to summary judgment evidence giving rise to a genuine factual dispute material to determining whether he participated in protected activity before he was discharged. This deficiency precludes a finding that the Postal Service discharged Bergan for a retaliatory reason. Nor has Bergan submitted or pointed to summary judgment evidence from which a factfinder could reasonably infer that he was denied unpaid minimum wages or overtime. Kirsch's declaration states that she "observed that Mr. Bergan struggled with both casing and carrying the mail." (Kirsch Decl. ¶ 15). Even were the court to credit Bergan's denial that he struggled to do his job, (Docket Entry No. 26 ¶ 1(b)), and consider his opposition brief as a declaration under 28 U.S.C. § 1746, Bergan has not raised a factual dispute material to determining that he was fired in retaliation for engaging in protected activity.

Although Bergan seems to suggest that documentary evidence would show that, on at least one occasion, the Postal Service denied him wages he was owed, that evidence is not before the court. Instead, the summary judgment testimony and other evidence presented by the Postal Service entitle it to summary judgment.

### IV. Conclusion

The Postal Services's motion for summary judgment, (Docket Entry No. 25), is granted. The court will separately enter a final judgment.

SIGNED on April 24, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge