United States District Court
Southern District of Texas
**ENTERED**
August 23, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD ORIN BERGAN, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-22-0254 |
| § | |
| UNITED STATES POSTAL SERVICE, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Richard Bergan sued the United States Postal Service under the Fair Labor Standards Act, alleging that the Postal Service instructed him to work without pay. On April 24, 2023, this court granted the Postal Service's motion for summary judgment and entered a final judgment dismissing this case. (Docket Entry Nos. 28, 29). Mr. Bergan filed a notice of appeal on May 26, 2023, but he did not pay a filing fee at that time. (Docket Entry No. 30).

On June 12, 2023, the Fifth Circuit issued a notice of noncompliance to Mr. Bergan, informing him that he had failed to pay the filing fee or submit the appropriate transcript order form. (Docket Entry No. 32). On June 26, 2023, Mr. Bergan submitted the transcript order request, and on June 27, 2023, he paid the filing fee. (Docket Entry No. 33). On July 10, 2023, the Fifth Circuit dismissed Mr. Bergan's appeal for want of prosecution on the ground that he had failed to comply with the notice of noncompliance. (Docket Entry No. 35). Mr. Bergan then filed a motion for reconsideration in this court, requesting reinstatement of his appeal on the basis that the clerk who accepted payment of his filing fees on June 27, 2023, informed him that it was not too late to pay the fee. (Docket Entry No. 36).

As a general rule, a district court is divested of jurisdiction when a notice of appeal is filed. *Alice L. v. Dusek*, 492 F.3d 563, 564–65 (5th Cir. 2007) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")). The Fifth Circuit recognizes some exceptions to this rule. First, a district court retains jurisdiction over matters that are collateral to the appeal, such as the merits of a case when the appeal concerns a preliminary injunction. *Farmhand, Inc. v. Anel Eng'g Indus.*, 693 F.2d 1140, 1145 (5th Cir. 1982). Second, a district court retains jurisdiction over a motion to stay the judgment or order being appealed. *Id.* at 1145–46 (citing Fed. R. App. P. 8(a)). Third, a district court retains jurisdiction over matters that aid the appeal, such as correcting clerical errors in previous orders. *Id.* Finally, a district court retains jurisdiction to modify a preliminary injunction or enforce it through civil contempt proceedings. *Id.* (quoting *Brown v. Braddick*, 595 F.2d 961 (5th Cir. 1979)).

None of the exceptions apply here. Mr. Bergan's motion is based on his failure to timely pay the appellate filing fee. It does not implicate matters collateral to the appeal, is not a motion to stay a judgment, does not request modification either based on clerical corrections or related to preliminary injunctions, and does not otherwise provide a reason why this court would have jurisdiction over this motion. Mr. Bergan's motion to reconsider the dismissal of the appeal is properly directed to the Fifth Circuit.

This court denies Mr. Bergan's motion to reconsider the dismissal of the appeal.

SIGNED on August 23, 2023, at Houston, Texas.

*(signature)*

_____
Lee H. Rosenthal
United States District Judge